David McVeay v. W. H. Rich.

[59 South. 842.]

Contract. Breach. Sale of standing timber. Declaration. Sufficiency.

Where in a suit by the vendee against the vendor for the breach of a contract for the sale of standing timber, the contract specified the timber and the land upon which it was standing and the price to be paid and the time of payment, a declaration which alleges the execution of the contract and annexes it as a part thereof and charges that the plaintiff was ready, able and willing to carry out the contract but that before he could do so the defendant sold the land and timber to a third party, who stopped plaintiff from carrying out his contract. That in consequence of defendant's breach of contract, plaintiff lost profits in a specified sum for which he asks judgment, states a good cause of action as against a demurrer.

Appeal from the circuit court of Harrison county.
Hon. T. H. Barrett, Judge.

Suit by David McVeay against W. H. Rich. From a judgment sustaining a demurrer to plaintiff's declaration, he appeals.

The declaration is as follows:

"For that, whereas, heretofore, to wit, on the 12th day of February, 1909, plaintiff and said defendant entered into a written contract, a copy of which is hereunto annexed as part of this declaration, by the terms of which said defendant sold to the plaintiff all the timber on lot 1, in section 34, north of the L. & N. Railroad, also on forty acres in the Beauvoir Truck Farm addition, known as blocks 27, 28, 29 and 30, Harrison county, Miss., for which, according to the terms of said contract, said plaintiff was to pay said W. H. Rich, defendant, one cent per block for every block of wood cut from said tract, settlement for the same by plaintiff to be made every two weeks at the office of the said defendant, W. H. Rich, in full for the amount of wood taken up to the date of each settlement. The said plain-

tiff at once proceeded to perform his part of said contract, but before he could complete getting the wood off said tract, as provided by said contract, said defendant, W. H. Rich, sold said above-described land and the timber and wood thereon to other parties, who stopped plaintiff from getting wood and timber off said tract, as plaintiff's said contract authorized him to do; that plaintiff was in every manner willing, ready, and able to perform and carry out in every particular his part of said contract, and was performing his part of said contract, when said defendant breached the contract aforesaid by the sale of said timber on said lands to other parties after he had already by said contract sold the same to plaintiff, causing plaintiff thereby to lose the sum of two hundred and fifty dollars, which was the profit that would have followed from said contract of plaintiff, had said defendant carried out his part of said contract, which he willfully and wantonly refused to do, to plaintiff's damage in the sum of two hundred and fifty dollars. Wherefore plaintiff brings this suit, and demands judgment in said sum of two hundred and fifty dollars, with all costs.''

Agreement: ''It is hereby agreed by and between W. H. Rich and David McVeay that the said Rich is to sell to the said McVeay all the timber on lot 1, in section 34, north of the L. & N. Railroad, also that forty acres in the Beauvoir Truck Farm Addition, known as blocks 27, 28, 29 and 30. It is further agreed that said McVeay is to pay to the said Rich the sum of thirty cents per cord for every cord that he takes from this property, and that he is to pay the sum of one cent per block for every block of wood cut from said tract. It is further agreed and understood by both parties that the said McVeay is to make settlement every two weeks at the office of the said Rich in full for the amount of wood taken to date of said settlement. It is agreed by the said McVeay that he is to cut the timber as it comes, and that he is not to leave any certain tract until he has taken all the wood

which can be used for cordwood and blocks therefrom. Witness our signatures this the 13th day of February, 1909. [Signed] W. H. Rich, *per se.*

his
"DAVID X McVEAY."
mark.

Demurrer: "Now comes the defendant, by his attorney, and demurs to the declaration of the plaintiff herein, and says that the same does not state a cause of action against him, and prays the judgment of the court if he shall be required to further answer thereto, and assigns the following causes of demurrer, to-wit: First. The declaration does not set forth any statement of facts showing any liability on the part of the defendant to the plaintiff. Second. The declaration does not allege that the plaintiff has been ousted from the possession and use of the timber alleged to have been contracted to be sold to him by the defendant. Third. The declaration does not allege any items of damage suffered by the plaintiff now set forth as facts constituting the alleged damage to the plaintiff, but merely recites in general terms that the plaintiff has been damaged, without specifying when or of what amount the said damage consists. Fourth. Because the declaration is grounded upon an alleged state of facts which, if true, afford a cause of action to the subsequent purchasers of the said timber, but shows none existing for the plaintiff. Fifth. Because the declaration is couched in terms that are vague, indefinite, and uncertain, and state conclusions of law, rather than allegations of facts."

*J. H. Mize,* for appellant.

We think this declaration clearly states in concise form facts which, if true, and which are to be taken as true by the demurrer, would render the appellee liable.

The declaration alleges that the parties entered into the contract, giving the date of the contract and filing a

copy of it with the declaration and setting out its terms, and further alleges that appellant, plaintiff below, proceeded to enter upon the performance of his part of said contract and that he was performing it when Rich, defendant below, sold the land, and that his vendees, as soon as the sale was complete, proceeded to stop appellant from further performing his part of the contract, and this is alleged in the declaration; and further alleges that plaintiff below was willing, ready, and able to perform his part of said contract, in every particular. This was all appellant was required to do. *Leake Milling Company* v. *Langford,* 81 Miss. 728.

After the deed had been made by Rich to third parties, the appellant herein could not have entered upon the premises to perform his part of the contract without becoming a trespasser thereby, and hence Rich, appellee herein, had rendered it impossible for McVeay, appellant, to perform his part of the contract although he was willing, ready, and able to do so, and hence appellant's only redress was by action for breach of contract.

If the contract was breached, appellant is entitled to recover nominal damages and what damages he can show were the natural and proximate result of the breach of said contract. This is an elementary principle of law. The declaration alleged that appellant was damaged in the sum of two hundred and fifty dollars which could be calculated as the profits that appellant would have made had he been permitted to carry out the contract. These damages are not speculative or remote, but are such as can be accurately determined since the contract stipulated that appellant was to pay thirty cents per cord and one cent per block for every cord and block of wood taken by him from said land.

Though the contract did not state any definite time in which it was to be performed, yet, in the absence of such a statement, the appellant is allowed a reasonable time in which to perform the contract. *N. T. Burrows, administrator,* v. *J. A. Gilliland,* 90 Miss. 127.

The declaration alleges that the contract was entered into on the 12th day of February, 1909, and that appellant herein was performing his part of said contract at the time of the sale of the timber and land by Rich to third parties, when he was stopped by said vendee of Rich from further performing his part of the contract, and the declaration shows that it was filed on the 7th day of September, 1909, so it will be clearly seen that appellant had not reasonable time in which to perform his part of the contract, even though he immediately after entering into the contract proceeded to perform his part thereof.

In suit on a contract, all a plaintiff is required to do is to set out the contract and show that he was ready, willing and able to perform his part of it, and to state facts sufficient to show a breach by the defendant without any fault on the part of the plaintiff, and that he is damaged thereby. We submit that this declaration clearly does this.

*J. O. Gillespie,* for appellee.

Cook, J., delivered the opinion of the court.

The declaration as framed makes out a cause of action against appellee, and the demurrer should have been overruled.

*Reversed and remanded.*